## I. HACKER, et a. *versus* N. YOUNG, J. YOUNG and E. GRIFFIN.

In an action, against the owners of a vessel, on a contract, made by the master, it was held that the enrolment of the vessel, purporting to be made upon the oaths of the defendants, was, as against them, evidence of ownership.

And, it appearing that the master was a part owner, it was further held that the vessel was to be presumed to be in the employment of the owners, until the contrary appeared.

ASSUMPSIT. The plaintiffs alleged that the defendants, on the 24th November, 1824, were owners of the schooner Napoleon ; that they shipped on board the same at Gloucester, for Philadelphia, 118 barrels, and 29 half barrels of mackerel, to be delivered at Philadelphia, which were never delivered. The cause was tried at January term, 1831, upon the general issue, and a verdict taken, by consent, for the plaintiffs, subject to the opinion of the court upon the following case.

The plaintiffs produced a bill of lading, dated November 24, 1824, signed by E. Griffin, as master of the said schooner, of 559 barrels, and 165 half barrels of mackerel, shipped by J. & M. Varney, on board said schooner, and to be transported to Philadelphia and there delivered to the plaintiffs.

The signing of the bill of lading was proved by J. Varney, who also deposed, that he, as agent of the plaintiffs, purchased the mackerel and shipped the same on board the schooner, consigned to them.

To prove that the defendants were owners of the Napoleon, a copy of the record of the enrolment, in the custom house at Portsmouth, was produced. The enrolment purported to be made July 7, 1824, upon the oath of all the defendants, that they were then the owners of the schooner. The keeper of the books of the custom house testified, that he had compared the said copy with

the record in the custom house, but was unable to say whether the enrolment there was an original or a copy.

It was shown that the plaintiffs had given notice to the defendants to produce the enrolment of the schooner, issued from the custom house, but it was not produced. To the admission of said copy of the enrolment, for the purpose aforesaid, the defendants objected, but the objection was overruled. It was also proved that N. Young, in 1827, and J. Young, in 1830, admitted that they were part owners of the said schooner. The defendants contended, that there was no evidence competent to prove that N. Young and J. Young were parties to the contract of the said Griffin, expressed in the bill of lading, but the court, being of a different opinion, a verdict was taken as before stated.

*Christie*, for the defendants, contended, that in order to charge the Youngs in this case, it was not enough to prove that they were part owners at the time the contract was made, and he relied upon the following cases. 15 Mass. Rep. 370, *Reynolds* v. *Toppan* ; 7 B. & C. 30, *Briggs* v. *Wilkinson* ; 8 East, 10, *Young* v. *Brander* ; Abbot on Shipping, 137 ; The case of *Boucher* v. *Lawson* there cited ; 15 Johns. 298, *Leonard* v. *Huntington* ; 7 Cowen, 697, *Thorn* v. *Huks* ; 7 J. B. Moore, 349, *Baker* v. *Buckle* ; 7 Bingham, 709, *Helme* v. *Smith.*

He also contended that the copy of the enrolment was not evidence of ownership ; 14 East, 226, *Tinkler* v. *Walpole* ; 16 East, 169, *M'Iver* v. *Humble* ; 2 Taunt. 5, *Fraser* v. *Hopkins* ; 14 Johns. 201, *Sharp* v. *United Insurance Company* ; 1 Starkie's Ev. 179 ; 3 Kent's Com. 112 & 113 ; 7 Johns. 308, *Wendover* v. *Hodgeboom* ; 4 Taunton, 802, *Cooper* v. *South.*

*I. Bartlett*, for the plaintiffs.

The copy of the enrolment was proper evidence. 1 Dallas, 141, *Woods* v. *Courter*, *et a* ; 1 Starkie's Ev. 156 & 157.

And, it appearing that the enrolment was made upon

the oath of all the defendants, this furnishes sufficient evidence of ownership. But the Youngs admitted that they had been owners.

It is contended, that, although they may have been owners, still they are not liable upon a contract made by the master. But we say that a contract with Epes Griffin, as master in custody of the schooner, was a contract in law with all the defendants as owners. 3 Mod. Rep. 321, *Boson* v. *Sandford* ; Abbot on Shipping, 106 ; 8 D. & E. 531, *Ellis* v. *Turner, et a* ; 7 Cowen, 676 ; Abbot on Shipping, 25 ; 2 Strange, 1251 ; *Parish* v. *Crawford* ; 1 Johnson, 228, *M'Intire* v. *Bowne* ; 1 Carr. & Payne, 602, *Cox* v. *Reid* ; 4 Carr. & Payne, 158, *Thompson* v. *Finden* ; 7 Bingham, 190, *Newberry* v. *Colvin* ; 7 Johns. 311, *Schemerhorn* v. *Loines, et a* ; 3 Kent's Com. 124.

The cases cited on the other side, only show that the owners are not liable, if the ship is not in their employment ; and not, that ships are not to be considered, *prima facie*, in the employment of the owners. Indeed, in many of the cases cited, the principle, for which we contend, is admitted.

*By the court.* We have no doubt, that the copy of the record of the enrolment of the schooner, was, under the circumstances, evidence that the defendants were, at the time of the enrolment, owners. Having made oath that they were then the owners,—that was an admission which is at least good evidence against themselves. 1 Starkie's Ev. 179 ; 4 Taunton, 802, *Cooper* v. *South* ; 2 ditto, 5, *Frazer* v. *Hopkins* ; 14 East, 226, *Tinkler* v. *Walpole*.

We are also of opinion, that the evidence adduced was sufficient, in the absence of any evidence, on the part of the defendants, to the contrary, to warrant a jury in finding all the defendants to be owners at the time the bill of lading was made.

And we are further of opinion that the circumstance, that the defendants were owners, is, *prima facie*, evidence

Hacker et a.
v.
Young et a.

that they were all of them parties to the contract of the master, and that, if the fact were otherwise, it was incumbent on them to show it. The presumption is that the schooner was in the employment of the owners, and this presumption must prevail until shown by the defendants to be contrary to the fact.

*Judgment on the verdict.*